FRED M. NIVENS v. ELLIS R. JUSTICE, Trading as JUSTICE
SILVER DIME.

(Filed 15 June, 1936.)

**Gaming A a—**

Where the agreed statement of facts in an action to recover the penalty
under C. S., 4434, states that defendant kept a slot machine in his store,
without a finding that the machine was illegal, the findings are insuffi-
cient to support a judgment against defendant.

APPEAL by defendant from *Harding, J.,* at February Term, 1936, of
MECKLENBURG. Reversed.

Action to recover of defendant the penalty of $200.00 prescribed by
C. S., 4434, for keeping in his store and place of business an illegal
slot machine, heard by the court below on an agreed statement of facts.

From judgment in favor of plaintiff, defendant appealed.

*Hiram P. Whitacre and H. C. Williams for plaintiff.*
*Kirkpatrick & Kirkpatrick for defendant.*

PER CURIAM. The statute, C. S., 4434, provides: "If any person shall
knowingly suffer to be opened, left, or used in his house or on any part
of the premises occupied therewith, any of the gaming tables by this
article prohibited, or any illegal punchboard or illegal slot machine, he
shall forfeit and pay to anyone who will sue therefor two hundred
dollars."

The facts material to the decision of the controversy as set out in the
agreed statement of facts are as follows:

"2. That the defendant is in the business of owning and operating a
store wherein various soft drinks, beer, and food are sold, and a hotel
on the floor above wherein he lives.

"3. That on 6 May, 1935, a slot machine was located and being oper-
ated in the defendant's place of business."

The facts agreed are insufficient to warrant the judgment. The stat-
ute authorizes penalty suit for keeping an illegal slot machine. In the
agreed statement of facts the offending article is defined merely as a
"slot machine." There is no description of its method of operation nor
finding that it is illegal.

The judgment must be

Reversed.